**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-7417**

———————

NICHOLAS WARNER JONES, a/k/a Charles Mark
Jones, a/k/a Jeffrey Victor Warner, all simi-
larly situated persons,

Plaintiff - Appellant,

versus

MAXINE ELDRIDGE; STUART O. SIMMS; WILLIAM W.
SONDERVAN; STATE OF MARYLAND; CHIEF JUDGE OF
THE CIRCUIT COURT FOR BALTIMORE CITY; ADMIN-
ISTRATIVE JUDGE OF THE CIRCUIT COURT FOR
BALTIMORE CITY,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-01-
1793-L)

———————

Submitted: October 18, 2001          Decided: October 30, 2001

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Nicholas Warner Jones, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicholas Warner Jones appeals the district court's order denying his motion for reconsideration of a previous order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint, or in the alternative, a motion for writ of mandamus. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Jones v. Eldridge, No. CA-01-1793-L (D. Md. filed Aug. 1, 2001; entered Aug. 3, 2001).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] In his informal brief, Jones states that he seeks to appeal the underlying order denying relief on his 42 U.S.C.A. § 1983 complaint. Although Jones' informal brief could be construed as a notice of appeal, Smith v. Barry, 502 U.S. 244, 248 (1992), the brief was filed well beyond the applicable thirty-day appeal period. Fed. R. App. P. 4(a)(1). Thus, we do not have jurisdiction to review the underlying judgment.

2